JOHN E. PEER - State Bar No. 95978
jpeer@wpdslaw.com
KATY A. NELSON - State Bar No. 173759
knelson@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089
Telephone:  (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiff
WILLIAMSBURG NATIONAL
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMSBURG NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>7AZ TRANSPORT, LLC; ANGEL H. ZATARAIN dba AZ TRUCKING,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF RE POLICY RESCISSION** |

Comes now plaintiff WILLIAMSBURG NATIONAL INSURANCE COMPANY ("WNIC"), pursuant to Federal Rules of Civil Procedure Rule 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201, and alleges against defendants 7AZ TRANSPORT, LLC and ANGEL H. ZATARAIN dba AZ TRUCKING as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship among the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because defendant resides in the Central District of California and

the insurance policy transactions here at issue took place in this District.

## THE PARTIES

3. At all times relevant hereto plaintiff WNIC was and is a Michigan corporation with its principal place of business in Michigan.

4. WNIC is informed and believes and thereon alleges that Plaintiff 7AZ Transport, LLC, is a limited liability company with its principal address in Perris, California. WNIC further is informed and believes and thereon alleges that plaintiff Angel H. Zatarain dba AZ Trucking is a resident of Perris, California.

## GENERAL ALLEGATIONS

### The Policy

5. Williamsburg National Insurance Company issued Motor Carrier policy No. CA0987152 to Angel H. Zatarain dba AZ Trucking effective October 18, 2022 ("the Policy"). At the time the Policy was issued, Mr. Zatarain informed WNIC that he lived in Los Angeles. The Policy provided a liability limit of $1,000,000. The Policy also covered two vehicles garaged in Whittier, a 2010 Freightliner for the stated amount of $60,000 and a 2008 Freightliner for the stated amount of $45,000.

6. In December 2022, WNIC learned that the name and address of the named insured on the Policy were incorrect. On December 6, 2022, WNIC issued endorsement No. 3 changing the name of the insured on the policy to 7AZ Transport, LLC and changing the address from Los Angeles to Perris, California.

7. The Policy was cancelled at the request of defendants on April 15, 2023, after the insured vehicles were damaged in the accident.

### The Accident

8. Mr. Zatarain was involved in an accident on April 14, 2023, while he was driving the 2008 Freightliner eastbound on the 138 Highway in Los Angeles County.

9. The accident happened when Mr. Zatarain's truck was rear-ended by the

1  2010 Freightliner driven by Jesus Loya Rodrigues, who failed to stop when the flow of traffic slowed. No other vehicles were involved.

10. The two trucks were severely damaged in the accident and Mr. Loya died from his injuries.

11. After the accident, the CHP issued citations with respect to the vehicle Mr. Loya was driving, for a flat tire on the vehicle, a broken spring to an axle clamp bolt, the vehicle registration had expired on February 28, 2023. The citation further cited Mr. Loya pursuant to 49 CFR 281.501(a), on the grounds that Mr. Loya was prohibited from performing safety sensitive functions per 382.501(a) of the Federal Motor Carrier Safety Administration ("FMCSA") Drug and Alcohol Clearinghouse.

12. WNIC is informed and believes and thereon alleges that Mr. Zatarain is seeking coverage under the Policy for the damage to the 2008 Freightliner and the 2010 Freightliner in the amount of $105,000.

## Defendants' Misrepresentation On the Policy Application

13. In order to obtain the Policy, Mr. Zatarain submitted a policy application prepared by his insurance agent, Marybel Mancillo of the Empire Company in Rancho Cucamonga.

14. Ms. Mancillo first submitted a policy application to WNIC on September 29, 2022, which left blank the portion of the application asking for names of individuals who would be driving the two insured trucks. Ms. Mancillo informed WNIC's underwriting agent that "Insured is working on providing info second driver."

15. On October 10, 2022, Ms. Mancillo submitted a completed policy application, which was signed by Mr. Zatarain, with the names of two individuals who would be driving the insured vehicles: Angel Zatarain and Jose Cervantes Velasco.

16. At no time before April 14, 2023, did Mr. Zatarain or Ms. Mancillo inform WNIC or its underwriting agent that Mr. Loya had ever driven or would ever

drive either of the two Freightliners for which insurance coverage is sought by Mr. Zatarain.

17.   On December 20, 2022, Bob Collins, who performs inspections for WNIC and other related insurers, met Mr. Zatarain at a location in Whittier, California, where 7AZ Transport regularly stored its two Freightliners. During that inspection, Mr. Collins asked Mr. Zatarain who would be driving the vehicles, and Mr. Zatarain confirmed that he would drive one of the vehicles and Jose Cervantes Velasco was his second driver, as indicated on the policy application.

18.   After the accident, WNIC learned that Jose Cervantes Velasco did not drive for Mr. Zatarain at the time the policy application was submitted, or any time during the year 2022. Instead, WNIC learned that Mr. Loya had been driving the 2010 Freightliner for Mr. Zatarain for at least six months before the April 14, 2023 accident.

19.   At his Examination Under Oath taken on July 21, 2023, Mr. Zatarain testified that Mr. Loya was his employee and had been driving the 2010 Freightliner as his employee four or five times a week for more than six months before the April 14, 2023 accident.

20.   At his Examination Under Oath taken on July 21, 2023, Mr. Zatarain admitted that the information he gave to WNIC on his policy application in October 2022, and at the inspection of his vehicles in December 2022 was incorrect, and that Mr. Loya was driving the 2010 Freightliner at the time he informed WNIC that his second driver was Jose Cervantes Velasco.

21.   After the accident, WNIC obtained a Motor Vehicle Report on Mr. Loya. The report stated that Mr. Loya's license had been suspended from June 2018 until at least September 21, 2020. The suspension was due to a felony motor vehicle violation.

22.   If Mr. Zatarain had told WNIC that his second driver was actually Mr.

Loya, WNIC would not have issued the Policy or would have issued the Policy to exclude Mr. Loya as a driver of the insured vehicles.

23. Mr. Loya could not have been a covered driver under the Policy because his license was revoked from June 26, 2018, to at least September 21, 2020 due to a felony motor vehicle conviction. WNIC's underwriting guidelines do not permit it to underwrite policies covering commercial drivers with a felony or a suspended or revoked license within the past thirty-six months. Thus, if WNIC had known that Mr. Loya would be a driver, he would have been excluded from coverage due to his license revocation within the past thirty-six months.

## FIRST CLAIM FOR RELIEF FOR POLICY RESCISSION

24. WNIC incorporates the allegations in paragraphs 1 through 23 above.

25. WNIC is informed and believes and thereon alleges that defendant Angel H. Zatarain violated the California Insurance Code, including sections 330, 331, 332, 333, 334, 338, 353, and 358, by making misrepresentations in the policy application he signed in October 2022, and which was submitted to WNIC on his behalf. Additionally, Mr. Zatarain made misrepresentations to Bob Collins who was acting on behalf of WNIC when Mr. Collins inspected the vehicles and asked Mr. Zatarain about his second driver in December 2022.

26. Had the true facts been disclosed to WNIC, that Mr. Loya was driving and would continue to drive the 2010 Freightliner, WNIC would not have issued the Policy, or would have issued the Policy with a driver exclusion for Mr. Loya. WNIC specifically asked Mr. Zatarain for information regarding all drivers of his vehicles, and it relied on the false information provided by Mr. Zatarain in issuing the Policy.

27. The fact that Mr. Loya was driving the 2010 Freightliner was material to the risk that Mr. Zatarain asked WNIC to underwrite pursuant to California Insurance Code sections 334, 359, and 360.

28. WNIC is therefore entitled to rescind the Policy pursuant to California Insurance Code sections 331 and 359, and California Civil Code sections 1688, 1689, 1691, and 1692, *ab initio,* as if the Policy was never issued.

29. WNIC is informed and believes and thereon alleges that there may be additional misrepresentations not yet discovered that will further support rescission of the Policy.

30. WNIC will return all premiums paid by its insured for the Policy, in the amount of $8,440.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. On the first claim for relief, for rescission of the Policy, No. CA0987152 effective October 18, 2022, to April 15, 2023, as if the Policy had never issued.

2. For costs of suit; and

3. For such other and further relief as the Court may deem just and proper.

DATED: September 15, 2023

WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation

/s/ Katy A. Nelson
JOHN E. PEER
KATY A. NELSON
Attorneys for Plaintiff WILLIAMSBURG NATIONAL INSURANCE COMPANY